# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARK GUZY,

        Plaintiff,

vs.

MARY ANN GUZY,

        Defendant.

3:19-cv-00129-RJC-CBC

**ORDER**

The Plaintiff moves this Court to vacate an arbitration award from March 1, 2019, while the Defendant asks that this Court abstain pending the ongoing state litigation under the *Colorado River* Abstention Doctrine. Since Nevada state court is ready to hear the issues of this case, the Court will stay the case pending the Nevada proceedings.

## I. FACTS AND PROCEDURAL HISTORY

The Plaintiff and the Defendant were limited partners of Arbor Co., a Nevada LLP (Compl. 3:1–3:7, ECF No. 1.) All three entities entered into a settlement agreement in February 12, 2009. (*Id.* 3:15–3:20.) Under the agreement, Arbor Co., was to pay the Plaintiff $34,975,842.22 with interest and pay the Defendant $21,139,769.25 with interest. (Mot. for TRO Ex. 2, ECF No. 7.) Additionally, the parties agreed to resolve all disputes related to their agreement through the arbitration of William Sherman, Esq. ("the Arbitrator"). (Compl. 3:15–3:20.)

///

On April 11, 2014, the Arbitrator found that the Plaintiff had been overpaid due to a mistake in the interest rate at which his debt accrued, so the Arbitrator issued an award against the Plaintiff and in the Defendant's favor (April 11, 2014 Arbitration Award). (*Id.* 4:9–4:13.) Under the April 11, 2014 Arbitration Award, the Plaintiff was to pay the Defendant "(i) the $1,269,827.78 principal amount of such overpayment plus (ii) the accrued interest at 5.25% per annum on such amount from May 5, 2011 ... the per diem rate of interest on the $1,269,827.78 principal payment due from [the Plaintiff] to [the Defendant] is $182.65." (*Id.* Ex. 1 at 3.)

On October 11, 2012, prior to the April 11, 2014 Arbitration Award, the Plaintiff sued Arbor Co. in Nevada state court ("the Nevada state case"), and in the course of this litigation, sought to vacate the April 11, 2014 Arbitration Award. (*Id.* 4:17–4:21.) During the pendency of this litigation, the Defendant sought to interplead in the Nevada state case in 2018. (Mem. in Opp'n to TRO 4:15–5:2, ECF No. 19.) Before the court addressed the Defendant's interpleader, the Plaintiff and Arbor Co. filed a stipulated dismissal of the case. (*Id.*) The Nevada court dismissed the case on July 13, 2018. (*Id.*) However, the Defendant filed a successful motion to reconsider the dismissal, and the Nevada court reopened the case on August 1, 2018. (*Id.*) The Plaintiff challenged the reopening of the case seeking a writ of mandamus with the Nevada Supreme Court, which was denied on February 7, 2019. (*Id.*)

While the state court case was ongoing, the Defendant sought to confirm the April 11, 2014 Arbitration Award in the United States District Court for the Western District of Texas ("the Texas federal case"). *Guzy v. Guzy*, No. 1:17-CV-228-RP, 2017 WL 3032432 (W.D. Tex. July 17, 2017). The district court dismissed the application to confirm the April 11, 2014 Arbitration Award with prejudice on the basis that the application was untimely as there is a one-year statute of limitation to confirm an arbitration award under the Federal Arbitration Act. *Id.*; *see* 9 U.S.C. § 9. Subsequently, the Defendant sought to confirm the Arbitration Award in Texas state court in May

2018. (Compl. 6:14–6:20.) After the Plaintiff filed an answer and the Nevada state case was remanded to finally reach the merits on whether to confirm the April 11, 2014 Arbitration Award, the Defendant nonsuited the Texas state case. (*Id.*; Mem. in Opp'n to TRO 5:26–6:2.)

Subsequently, the Defendant sought arbitration to cover her expenses due to the Plaintiff's purported refusal to comply with the April 11, 2014 Arbitration Award. (Mem. in Opp'n to TRO 6:4–6:24.) The Plaintiff denied that the Arbitrator retained jurisdiction over the matter. (*Id.*) However, on May 1, 2019, the Arbitrator held that he retained jurisdiction over the matter, that the Plaintiff was in defiance of the April 11, 2014 Arbitration Award, and that Plaintiff's further assertions were meritless (May 1, 2019 Arbitration Award). (*Id.*) The Arbitrator found that the Plaintiff's repeated attempts to avoid payment were vexatious. Accordingly, the Arbitrator: (i) reaffirmed his prior orders; (ii) set the principal amount and the accrued unpaid interest on such principal amount due from the Plaintiff to the Defendant through December 31, 2018 as $1,472,545.42 and $592,417.12 respectively; (iii) determined that the per diem dollar amount of interest owed by the Plaintiff to the Defendant was $211.80; (iv) imposed a sanction of $200,000; and, (v) awarded the Defendant an additional $50,000, including interest, in sanctions until the Plaintiff pays the Defendant the full amount due. (*Id.*)

The issue of confirmation of the arbitration awards is now before the Nevada state court after years of litigation. The Plaintiff asked this Court for a temporary restraining order and preliminary injunction to enjoin the confirmation of the awards, which the Court denied. Now, the Plaintiff is asking this Court to vacate the March 1, 2019 Arbitration award, while the Defendant is asking this Court to abstain. The Court agrees with the Defendant and declines to exercise its jurisdiction at this time pursuant to the *Colorado River* Abstention Doctrine and stays this case.

///

///

## II. LEGAL STANDARDS

"In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The decision to abstain under *Colorado River* Abstention Doctrine "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The Supreme Court has provided eight factors in abstaining a case under this doctrine:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Colorado River Water Conservation Dist.*, 424 U.S. at 817.

## III. ANALYSIS

Upon consideration of the factors enumerated by the Supreme Court, this Court finds that the factors favor abstention in this case. The first two factors are neutral and do not impact the Court's analysis. First, there is no property at stake, so this is not at issue. Second, the federal forum does not seem to inconvenience either party more than the state forum.

On the other hand, the third factor strongly favors abstention. Because, if this Court were to exercise jurisdiction, then there would be piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching

different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). Both the Nevada state court and this Court would be considering the validity of the two arbitration awards. There is no need for two forums to hear and rule on the same issues at the same time.

Next, the parties have been litigating in Nevada state court since 2012 and have been to the Nevada Supreme Court twice. The Nevada case is much further along in the proceedings, and this Court fails to see why it should intervene at this point in time. *See Bakie*, 867 F.3d at 1168 ("We consider not only the order, but also the relative progress of the state and federal proceedings.").

The fifth factor does not weigh strongly in either direction. While, the case involves Nevada state law per the settlement agreement, the legal questions are not so complex such that the Nevada state courts would be better suited to rule on the issues. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011) (finding that while state law was utilized the issues were not complex as to merit the exercise of abstention).

Sixth, the state court can adequately protect the litigants' federal rights. This factor is more important when the state court cannot adequately protect a litigant's federal rights, then abstention would be inappropriate. *Id.* at 981. Thus, this factor does not affect this Court's analysis.

Seventh, the desire to avoid forum shopping strongly favors abstention. The Plaintiff came to this Court shortly after the arbitrator ruled that the April 11, 2014 Arbitration Award was still valid and imposed sanctions, and the Nevada Supreme Court remanded the case to determine whether the trial court should confirm the awards. The Ninth Circuit has stated that "[w]e have no interest in encouraging [forum shopping]." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (upholding a district court's abstention when a litigant brought a federal claim after becoming dissatisfied with the state court's case after three and half years of litigation).

///

Lastly, when a state court's proceedings are "substantially similar" to the instant federal case, this favors abstention. *Bakie*, 867 F.3d at 1170. Here, the issues are substantially similar— the Nevada state court will address whether the same arbitration awards are to be confirmed or vacated. The Plaintiff can make all the same arguments in that proceeding that he can make in this forum. Accordingly, this factor favors abstention.

In sum, while some factors come out neutral, many factors favor abstention. Even though the *Colorado River* Abstention Doctrine is a narrow doctrine, the Court finds it appropriate in this case and stays the proceedings pending *Guzy v. Arbor Company LLP et al. and Guzy*, Case No. 12-CV-0300. Since, the Court abstains, the Defendant's Motion to Vacate (ECF No. 31) is stayed.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's MOTION TO VACATE (ECF No. 31) is STAYED.

IT IS FURTHER ORDERED that Defendant's MOTION TO ABSTAIN (ECF No. 33) and AMENDED MOTION TO ABSTAIN (ECF No. 34) are GRANTED.

IT IS FURTHER ORDERED that the instant case is STAYED pending *Guzy v. Arbor Company LLP et al. and Guzy*, Case No. 12-CV-0300.

IT IS SO ORDERED.

Dated this 24th day of April, 2019.

_____
ROBERT C. JONES
United States District Judge